# CERTIFICATE OF SERVICE

DEBTOR 1 NAME: Karie A Simmons  CASE NUMBER: 2210270-
DEBTOR 2 NAME:  CM160-1650980264290.pdf

I  Robert J Wallace, Jr.  certify under penalty of perjury that I have served the attached document on the below listed entities in the manner shown on  4/27/2022  :

By First Class Mail :

Karie A Simmons,11127 NE 162nd St,Bothell WA 98011

Via ECF on the date the pleading was filed:
Debtor's Attorney

I certify that I have prepared the Certificate of Service and that it is a true and correct copy to the best of my knowledge, information and belief.

Date : 4/27/2022  Signature : _Robert J. Wallace, Jr._

Premium Graphics, Inc.
2099 Thomas Road Suite 10
Memphis, TN 38104

|  | Judge: | Christopher M. Alston |
|---|---|---|
|  | Chapter: | 13 |
|  | Hearing Date: | May 26, 2022 |
|  | Hearing Time: | 9:30 am |
|  | Hearing Location: | Judge Alston's Courtroom |
|  |  | 700 Stewart St #7206 |
|  |  | Seattle, WA 98101-8101 |
|  | Response Date: | May 19, 2022 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

KARIE A SIMMONS,

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 22-10270-CMA

NOTICE OF TRUSTEE'S MOTION TO DISMISS CASE AND HEARING

PLEASE TAKE NOTICE that the Chapter 13 Trustee's Motion to Dismiss Case IS SET FOR HEARING as follows:

Judge: Christopher M. Alston
Place: Judge Alston's Courtroom
       700 Stewart St #7206
       Seattle, WA 98101-8101
Date: May 26, 2022
Time: 9:30 am

IF YOU OPPOSE this motion, you must file your written response with the Court Clerk NOT LATER THAN THE RESPONSE DATE, which is May 19, 2022.

IF NO RESPONSE IS TIMELY FILED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, and strike the hearing.

Dated: April 26, 2022

*/s/ Kristin D. Bowen*, WSBA #46688 for
Jason Wilson-Aguilar
Chapter 13 Trustee

NOTICE OF TRUSTEE'S MOTION TO
DISMISS CASE AND HEARING

Jason Wilson-Aguilar
Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

|   |   |
|---|---|
| Judge: | Christopher M. Alston |
| Chapter: | 13 |
| Hearing Date: | May 26, 2022 |
| Hearing Time: | 9:30 am |
| Hearing Location: | Judge Alston's Courtroom |
|   | 700 Stewart St #7206 |
|   | Seattle, WA 98101-8101 |
| Response Date: | May 19, 2022 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

In Re:

KARIE A SIMMONS,

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 22-10270-CMA

TRUSTEE'S MOTION TO DISMISS CASE

The Trustee moves to dismiss this case pursuant to 11 U.S.C. § 1307(c):

The Debtor filed a plan on March 22, 2022 (ECF No. 20).

1) The debtor needs to appear at the continued 341 meeting of creditors scheduled to be conducted telephonically on May 2, 2022 at 8:30 am.

2) It does not appear that the debtor served her current plan, nor either of her previous plans (ECF Nos. 16 and 17), to creditors. The debtor needs to file an amended plan, a motion to confirm her amended plan, note her motion for hearing. The debtor needs to serve her motion, plan, and notice of hearing upon all creditors and file a proof of service. In any proceeding which is to be accorded finality, due process required notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane v. Central Hanover Bank & Trust Co. et al., 339 U.S. 306, 314 (1950).

3) The Trustee has not yet received a plan payment in this case, although the debtor does not propose any payment in her Chapter 13 plan. The debtor needs to make complete and timely plan payments to the Trustee.

TRUSTEE'S MOTION TO DISMISS CASE - 1

Jason Wilson-Aguilar
Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

4) Section III.A. of the debtor's plan states "unsure, as the secured Creditor(s) are in dispute. See page 5 #10." This language is a modification of the form plan as Section III.A. is intended for the proposal of the debtor's plan payments to the Trustee. The debtor modified Section I.A. of the plan, adding language stating "See page 5 #10", and Section IV.A.3 adding language stating "Subject to Change." The debtor certified that the amended plan did not alter the provisions of Local Bankruptcy Form 13-4. The debtor needs to use the Court mandated form plan. Local Bankr. R. 3015-1(a).

5) The debtor checked 'yes' in Section I.A. of her plan. While the debtor's plan states "See Exhibits" in Section X, there are no exhibits attached. Further, while it is unclear what exhibits the debtor intended to attach, the attachment of exhibits would be a modification of the court mandated form plan, Local Bankruptcy Form 13-4 (LBF 13-4). Local Bankr. R. 3015-1(a). Section X of the form plan is for nonstandard provisions for the administration of a debtor's Chapter 13 plan, and not a method of introducing outside information. The debtor's plan, as proposed, needs to be amended to mark Section I.A. 'no.'

6) Section I.C. of the plan provides that the plan avoids a security interest or lien, but that is incorrect. Moreover, even if the debtor intended to avoid a security interest or lien through the plan confirmation process, the debtor did not comply with Local Bankruptcy Rule 3015-1(g) (Request to Avoid a Judicial Lien or Security Interest in a Plan under 11 U.S.C. § 522(f)). The debtor needs to amend Section I.C. of the plan to provide that the plan does not avoid a security interest or lien.

7) The debtor's schedules (ECF No. 14) are largely incomplete and the information the debtor does provide in her scheduled is confusing and often contradictory. The debtor needs to file amended Schedules A – J for completeness and accuracy.

8) The debtor's Statement of Financial Affairs (ECF No 14) is largely incomplete. The debtor

TRUSTEE'S MOTION TO DISMISS CASE - 2

Jason Wilson-Aguilar
Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

Case 22-10270-CMA    Doc 31    Filed 04/27/22    Ent. 04/27/22 08:07:52    Pg. 4 of 7

needs to file an amended Statement of Financial Affairs for completeness and accuracy.

9) In her Schedule A/B (ECF No. 14), the debtor disclosed a checking account with Wells Fargo. The debtor needs to provide a statement covering the date of filing for her Wells Fargo checking account. Local Rules W.D. Wash. Bankr. 4002-1(a), Fed. R. Bankr. P. 4002(b)(2)(B).

10) The debtor must provide the Trustee with a copy of their last-filed tax return. Local Rules W.D. Wash. Bankr. 4002-1(a), 11 U.S.C. §§ 521(e)(2)(A)(i). If the debtor asserts that she has not been required to file tax returns, she need to file a sworn declaration on the docket which details the years in which the debtors were not required to file tax returns and the reasons they were not required to file returns.

11) The Trustee questions whether the debtor's plan was filed in good faith. 11 USC § 1325(a)(3). In this case, in her Schedule D (ECF No. 14), the debtor disclosed four creditors all apparently creditors with claims secured by her real property. The debtor, however, proposes no treatment to any secured creditor in her plan and in fact proposes no plan payment at all. The debtor discloses these same 4 creditors in her Schedule E/F (ECF No. 14) and discloses no other unsecured debt. At the §341 Meeting of Creditors, the debtor testified that her understanding is that a foreclosure sale of her real property had taken place in 2020 and that the property is now titled to HSBC, one of the creditors the debtor schedules as having a secured claim. While a single creditor has since filed an unsecured claim – LVNV Funding, LLC (ECF No. 1), the debtor's Chapter 13 filing appears to have no reorganizational purpose. At best, this appears to purely be a dispute between the debtor and the current holder of her mortgage obligation for which other remedy is available outside of Chapter 13 bankruptcy. Further, the debtor's proposed plan proposes no treatment for any creditor, not even for the mortgage obligation the debtor actually scheduled and appears intent to resolve. In determining

TRUSTEE'S MOTION TO DISMISS CASE - 3

Jason Wilson-Aguilar
Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

good faith, the Court looks to the totality of the circumstances. Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224-25 (9th Cir. 1999). In making the good faith determination, a court should ask whether the debtors have acted equitably in proposing their plan. Goeb v. Heid (In re Goeb), 675 F.2d 1386, 1390 (9th Cir. 1982). A court's inquiry should be "directed to whether or not there has been an abuse of the provisions, purpose, or spirit of Chapter XIII in the proposal or plan." Id. at 1390 n.9. The Bankruptcy Appellate Panel of the Ninth Circuit has set out numerous factors that a court may consider, including certain factors such as the amount of the proposed payments, the amount of any surplus of debtor's income after paying expenses and the motivation and sincerity of the debtors in seeking Chapter 13 relief. Meyer v. Lepe (In re Lepe), 470 B.R. 851, 857 (B.A.P. 9th Cir. 2012) (citations omitted).

12) While it is certainly the debtor's choice, she may want to seriously consider retaining bankruptcy counsel to represent her. "The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risk does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the pro se layman through the trial thicket." Jacobsen v. Filler, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (citing United States v. Pinkey, 548 F.2d 305 (10th Cir. 1977))(quotations omitted).

13) The Trustee reserves the right to assert additional bases for this motion.

THE TRUSTEE REQUESTS that the Court dismiss this case.

Dated: April 26, 2022  /s/ *Kristin D. Bowen*, WSBA #46688 for
Jason Wilson-Aguilar
Chapter 13 Trustee

TRUSTEE'S MOTION TO DISMISS CASE - 4

Jason Wilson-Aguilar
Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>KARIE A SIMMONS,<br><br>Debtor. | IN CHAPTER 13 PROCEEDING<br>NO. 22-10270-CMA<br><br>*Proposed*<br>ORDER DISMISSING CASE |

THIS MATTER came before the Court on the Chapter 13 Trustee's Motion to Dismiss Case. Based on the record and for cause shown, its is

ORDERED that this case is dismissed.

///End of Order///

Presented By:
*/s/ Jason Wilson-Aguilar*
Jason Wilson-Aguilar, WSBA #33582
Chapter 13 Trustee

ORDER DISMISSING CASE

Jason Wilson-Aguilar
Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124